SEND
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1296 PA (JTLx) | | Date | July 6, 2009 |
|---|---|---|---|---|
| Title | David A. Larson v. Alfred Mann Found., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - MOTIONS TO DISMISS

Before the Court is a Motion to Dismiss by defendant Alfred Mann Foundation ("AMF") (Docket No. 30). Also before the Court is a Motion to Dismiss by defendants the Department of Defense, the Central Intelligence Agency, the Defense Advanced Research Projects Agency, and the Federal Communications Commission (collectively, the "Federal Defendants") (Docket No. 43). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 6, 2009, is vacated, and the matter taken off calendar.

## I.     Factual and Procedural Background

Plaintiff David Larson, appearing pro se, alleges that in March of 1997 defendant Gerald E. Loeb, M.D. and others restrained Plaintiff and implanted biomedical devices into Plaintiff's body. According to Plaintiff, the devices have been used repeatedly since that time by the defendants through telemetry or wireless technology to inflict pain on and shock Plaintiff. Plaintiff alleges that these actions were performed by AMF with the funding and/or approval of the Federal Defendants, although it is unclear which defendants are alleged to have performed which acts. Plaintiff brings claims for violation of the Fourth and Fifth Amendments to the United States Constitution, as well as state law causes of action for battery, negligence, and nuisance.

Plaintiff previously brought actions in California state court against AMF, Dr. Loeb, and other defendants not named in this action. Although the claims and parties in that action are not identical to those in this action, the claims all flow from the initial allegation that Plaintiff was implanted with biomedical devices by Dr. Loeb in 1997. The state court actions were dismissed with prejudice on December 23, 2002 and May 2, 2003 on the grounds that they were barred by the statutes of

SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-1296 PA (JTLx) | Date | July 6, 2009 |
|---|---|---|---|

| Title | David A. Larson v. Alfred Mann Found., et al. |
|---|---|

limitations.[1]  (See AMF's Request for Judicial Notice, Exh. 3, Exh. 5.)  On May 19, 2003, Plaintiff was declared a vexatious litigant in California state court on May 19, 2003.  (See Request for Judicial Notice, Exh. 3, Exh. 7.)

AMF moves to dismiss on grounds that Plaintiff's Complaint violates state and federal law on vexatious litigation, and that the action is barred by the Rooker-Feldman doctrine.  The Federal Defendants move to dismiss on grounds that the action is frivolous and fails to state a claim under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and that it is barred for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## II.    Standard on Motion to Dismiss

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice."  Fed. R. Civ. P. 12(b)(6), 8(e).  The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).  The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6).  See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]."  Id. at 556, 127 S. Ct. at 1965.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)).  "[A] plaintiff's obligation to

---

[1]      The Court grants AMF's Request for Judicial Notice and Supplemental Request for Judicial Notice.  See Fed. R. Evid. 201.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1296 PA (JTLx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | David A. Larson v. Alfred Mann Found., et al. | | |

provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted).

## III.    Analysis

AMF argues that Plaintiff violates the law on vexatios litigation by filing this action in federal court because Plaintiff has been ruled a vexatious litigant in state court.  (See Request for Judicial Notice, Exh. 7.)  Although the Court may adopt California state vexatious litigant procedure at its discretion pursuant to Local Rule 83-8.4, it is unclear to the Court that it may adopt Plaintiff's vexatious litigant status without performing its own evaluation.  See Sanders v. CleanNet of S. Cal., Inc., 135 Fed. Appx. 936, 938 (9th Cir. 2005).

AMF also argues that the action is barred by the Rooker-Feldman doctrine.  As the Ninth Circuit explained in Wolfe v. Strankman:

> The Rooker-Feldman doctrine evolved from the two Supreme Court cases from which it takes its name. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  Rooker-Feldman bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).

392 F.3d 358, 362–63 (9th Cir. 2004).  The Wolfe court went on to quote an explanation of the doctrine from the Ninth Circuit case Noel v. Hall:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court.  If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction.

Wolfe, 392 F.3d at 363 (quoting Noel, 341 F.3d 1148, 1164 (9th Cir. 2003).  Here, Plaintiff has included new claims and new defendants; he does not assert as a legal wrong the state court decisions dismissing his actions.  Accordingly, the Rooker-Feldman doctrine does not apply.  See Wolfe, 392 F.3d at 363; Noel, 341 F.3d at 1164.

SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1296 PA (JTLx) | Date | July 6, 2009 |
|---|---|---|---|

| Title | David A. Larson v. Alfred Mann Found., et al. |
|---|---|

        Nevertheless, all of Plaintiff's claims are based on the allegation that he was implanted with biomedical devices in 1997.  Plaintiff's previous claims also based on that allegation were dismissed with prejudice in 2002 and 2003, and judgment entered in the state courts accordingly, because the state courts found that the statute of limitations had passed.  (See AMF's Request for Judicial Notice, Exh. 3, Exh. 5.)  The applicable statute of limitations for constitutional violations is determined by looking to the statute of limitations for state law personal injury suits in the state in which the challenged action occurred.  See Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947, 85 L. Ed. 2d 254 (1985); Equity Lifestyle Props., Inc. v. County of San Luis Obispo, 548 F.3d 1184, 1193 n.15 (9th Cir. 2008). In California, personal injury claims which accrued prior to January 1, 2003 were subject to a one-year statute of limitations.  Equity, 548 F.3d at 1193 n.15.  Claims accruing after January 1, 2003 are subject to a two-year statute of limitations.  See Cal. Code Civ. P. § 335.1; Canatella v. Van De Camp, 486 F.3d 1128, 1132–33 (9th Cir. 2007).  Here, the events that form the basis for Plaintiff's claims occurred in 1997.  Plaintiff's Complaint was not filed until February 24, 2009.  Plaintiff appears to have been aware of the alleged events in 1997 when they occurred, and was certainly aware of them no later than 2002, when he was able to file an action in state court based on the alleged events.  Accordingly, the Court finds that all of Plaintiff's claims are time-barred.  See Wilson, 471 U.S. at 276, 105 S. Ct. at 1947; Equity, 548 F.3d at 1193 n.15.

        Furthermore, the Court agrees with the Federal Defendants that Plaintiff fails to raise a right to relief above the speculative level.  See Fed. R. Civ. Proc. 8; Twombly, 550 U.S. at 555, 127 S. Ct. at 1965; see also Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1951, __ L. Ed. __ (2009) ("Under Twombly's construction of Rule 8, we conclude that respondent's complaint has not "nudged [his] claims" . . . "across the line from conceivable to plausible." (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1974)).  The Court also finds that amendment would be futile, and therefore leave to amend is denied.  See Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile.").

### IV.    Conclusion

        For the foregoing reasons, both Motions to Dismiss are granted and the action is dismissed with prejudice.[2/]

        IT IS SO ORDERED.

---

        [2/]        Because all of Plaintiff's claims are time-barred, the Court dismisses the entire action with prejudice despite the failure of some defendants to respond to the Complaint.